# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHAEL WEARRY                                                   CIVIL ACTION

VERSUS

                                                                NO. 18-594-SDD-RLB

SCOTT M. PERRILLOUX, ET AL.

## ORDER

Before the Court is defendant Marlon Kearney Foster's ("Foster") Motion to Stay Discovery (R. Doc. 50) and defendant Scott M. Perrilloux's ("Perrilloux") Motion to Stay Discovery (R. Doc. 52). The motions are opposed. (R. Doc. 61).

**I. Background**

This civil rights action arises out of the 1998 death of Eric Walber for which Michael Wearry ("Plaintiff" or "Wearry") was convicted of first-degree murder and sentenced to death. (R. Doc. 1, "Compl."). The U.S. Supreme Court vacated the conviction and remanded the case for a new trial in light of "the prosecution's failure to disclose material evidence violated Wearry's due process rights." *Wearry v. Cain*, 136 S. Ct. 1002, 1002 (2016). Wearry has named Perrilloux, the prosecuting District Attorney, and Foster, a former Livingston Parish Sherriff's Office Detective, as the defendants. (Compl. ¶¶ 2-4).

Wearry seeks recovery from Perrilloux and Foster under 42 U.S.C. §§ 1983 and 1998 on the basis that they fabricated evidence of the underlying homicide by coercing false testimony in violation of Wearry's right to due process of law under the Fourteenth Amendment. (Compl. ¶¶ 66-82). Wearry also seeks to recover from Perrilloux and Foster under state law for malicious prosecution under Louisiana Civil Code article 2315. (Compl. ¶¶ 97-104).[1]

---

[1] Wearry also seeks to recover from Perriloux in his official capacity for intentionally using perjured testimony to secure Wearry's conviction. (Compl. ¶¶ 83-96).

More specifically, Weary alleges that the defendants fabricated corroborating evidence in light of weaknesses in the key witness's testimony. (Compl. ¶¶ 19-20). Weary alleges that they coerced Jeffry Ashton, at the time a minor subject to juvenile court proceedings, into providing false testimony by pulling him out of school without his mother's permission and bringing him Perrilloux's office to discuss the case without any opportunity to leave. (Compl. ¶¶ 21-23). Wearry alleges that the defendants then coached Jeffry Ashton in at least six separate meetings to perfect a falsified story implicating Wearry. (Compl. ¶¶ 31-35).

Perrilloux sought dismissal of the claims brought against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, raising the defense of absolute immunity. (R. Doc. 14). Foster filed an Answer, but did not raise the defenses of qualified immunity or absolute immunity. (R. Doc. 15).

On September 26, 2019, Wearry filed a motion to stay the proceeding until resolution of the underlying criminal action. (R. Doc. 17).

On February 13, 2019, the Court denied Wearry's motion to stay as moot when the parties confirmed that the criminal charges had been resolved with a plea of guilty to manslaughter. (R. Doc. 30). The Court has not set a scheduling order or set any deadlines in this action. (*See* R. Doc. 36).

On March 13, 2019, defense counsel sought consent for Foster to amend his answer to assert an eighteenth affirmative defense of qualified immunity and absolute immunity. (R. Doc. 37-1 at 3). Plaintiff's counsel replied that Wearry would consent if Foster agreed "not to seek a stay of full merits discovery" in light of the new assertions of immunity. (R. Doc. 37-1 at 2). Defense counsel did not agree to this condition for consent. (R. Doc. 37-1 at 2).

On March 18, 2019, Foster filed a Motion for Leave to File Amended Answer to Plaintiff's Complaint. (R. Doc. 33), which sought leave to assert the affirmative defenses of

qualified immunity and absolute immunity in light of information obtained in the process of investigating Wearry's claims. (R. Doc. 33). In granting the motion, the Court noted that simply because "discovery may be limited in light of the qualified immunity defense or that a Rule 12 motion may be filed in light of the immunity defenses is not a basis for concluding that Wearry is prejudiced by the amendment." (R. Doc. 46).

On June 3, 2019, the district judge denied Perrilloux's Motion to Dismiss, concluding that absolute immunity did not shield Plaintiff's malicious prosecution claim against Perrilloux in both his individual and official capacities. (R. Doc. 44). Perrilloux filed an Answer raising the defenses of qualified immunity and absolute immunity. (R. Doc. 45). Foster's First Amended Answer also raises the defenses of qualified immunity and absolute immunity. (R. Doc. 47).

Defendants then filed Motions to Dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the basis that they are both entitled to absolute immunity on all claims brought against them. (R. Docs. 49, 51). Defendants simultaneously filed the instant motions to stay discovery pending resolution of the foregoing dispositive motions. (R. Docs. 50, 52). Plaintiff opposes the motion to the extent he has sued Perrilloux in his official capacity. (R. Doc. 61).

II.  **Law and Analysis**

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th

Cir. 1978)). "Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"As the Supreme Court has stated, 'the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action.'" *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985)). "[A]bsolute immunity is properly viewed as '*immunity from suit* rather than a mere defense to liability[.]'" *Id.* (emphasis in original) (quoting *Mitchell*, 472 U.S. at 526). "Thus, the [Supreme] Court has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S. Ct. 1789, 1793 (1991)). "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert*, 500 U.S. at 231-33.

Consistent with the foregoing, the Fifth Circuit has stated that "discovery generally should not be allowed" until the "threshold" question of absolute immunity is resolved. *Rouser v. Johnson*, 36 F.3d 90 (5th Cir. 1994) (citing *Siegert*, 500 U.S. 226, 231-32); *see also Carlisle v. Normand*, No. 16-3767, 2018 WL 3474715, at *2 (E.D. La. July 19, 2018) (granting motion to stay discovery pending resolution of motions to dismiss concerning the defendant's sovereign immunity, absolute immunity, or qualified immunity).

Plaintiff's two-page opposition to the instant motions appears to concede that discovery is not warranted until resolution of the pending motions for judgment on the pleadings on the claims brought against the defendants in their individual capacities. (R. Doc. 61). Plaintiff argues that discovery should be proceed, however, with respect to the official-capacity claims

brought against Perrilloux. With respect to Foster, Plaintiff argues that there is no prejudice to him should written discovery be served on Perrilloux, presumably conceding that any other discovery would be prejudicial as it could require his review or participation.

Given the allegations in this action, the Court finds it impractical to bifurcate discovery in a manner to allow discovery on Plaintiff's official-capacity claims brought against Perrilloux without subjecting Perrilloux and Foster to discovery with respect to the individual-capacity claims. It is equally impractical to separate out written discovery to Perrilloux on this basis, while precluding any other discovery to third parties or depositions. Accordingly, the Court finds good cause to continue its stay of discovery until resolution of the pending motions for judgment on the pleadings.

### III. Conclusion

Based on the foregoing,

Marlon Kearney Foster's Motion to Stay Discovery (R. Doc. 50) and Scott M. Perrilloux's Motion to Stay Discovery (R. Doc. 52) are **GRANTED**. Discovery shall remain **STAYED** in this action until the resolution of Defendants' Motions to Dismiss (R. Docs. 49, 51). Should rulings be issued on the pending motions to dismiss, counsel shall immediately contact the undersigned so that appropriate action may be taken.

Signed in Baton Rouge, Louisiana, on September 27, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**