UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL WEARRY**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　**NO. 18-594-SDD-SDJ**

**SCOTT M. PERRILLOUX, et al.**

## ORDER

In 2002, Plaintiff Michael Wearry was convicted of first-degree murder and sentenced to death for the 1998 killing of Eric Walber. After spending years on death row, in 2016, the United States Supreme Court vacated Mr. Wearry's conviction, finding "the prosecution's failure to disclose material evidence violated Wearry's due process rights." *Wearry v. Cain*, 577 U.S. 385, 392 (2016). "Beyond doubt," the Court noted, "the newly revealed evidence suffices to undermine confidence in Wearry's conviction. The State's trial evidence resembles a house of cards . . . ." *Id.* at 392.

On May 30, 2018, Mr. Wearry filed this civil rights lawsuit against Scott Perrilloux, the prosecuting District Attorney, and Marlon Foster, a former Livingston Parish Sheriff's Detective, "alleging that they fabricated evidence that deprived him of due process and a fair trial." *Wearry v. Foster*, 33 F.4th 260, 262-63 (5th Cir. 2022). Perrilloux and Foster then filed Motions to Dismiss. First Perrilloux unsuccessfully sought dismissal under Rule 12(b)(6) of Plaintiff's state law claims based on absolute immunity (R. Doc. 14). After that Motion was denied (R. Doc. 44), Perrilloux and Foster each sought dismissal under Rule 12(c) of Plaintiff's due process claims (R. Docs. 49, 51), asserting absolute prosecutorial immunity. Defendants also moved the Court to stay

discovery (R. Doc. 50, 52) pending the outcome of their Rule 12(c) Motions to Dismiss based on absolute immunity (R. Docs. 49, 51).

On September 27, 2019, this Court issued an Order (R. Doc. 62) staying discovery pending the Court's resolution of Defendants' Motions to Dismiss (R. Docs. 50, 52).

On June 24, 2020, the Court issued its Ruling (R. Doc. 79) denying both Defendants' Motions to Dismiss (R. Docs. 49, 51), finding Mr. Wearry had alleged facts sufficient to overcome the defense of absolute prosecutorial immunity. *See also Wearry v. Foster*, 33 F.4th 260, 263 (5th Cir. 2022) ("The district court denied the motions, holding that neither defendant was entitled to absolute immunity for fabricating evidence by intimidating and coercing a juvenile to adopt a false narrative the defendants had concocted out of whole cloth."). Defendants filed an interlocutory appeal, asking the Fifth Circuit to overturn the district court's Ruling denying their claims of absolute prosecutorial immunity.

On May 3, 2022—nearly 4 years after Mr. Wearry filed this lawsuit—the Fifth Circuit affirmed, finding the "district court was correct in concluding that [the] facts [alleged] do not compel an award of absolute immunity." *Wearry v. Foster*, 33 F.4th 260, 272 (5th Cir. 2022) ("Wearry alleges, at base, that Foster and Perrilloux created fictitious testimony as false evidence to use against him."). Unsatisfied, Perrilloux and Foster petitioned the Fifth Circuit for rehearing en banc. On October 27, 2022, the Fifth Circuit denied rehearing in a 7-to-9 vote. *See Wearry v. Foster*, 52 F.4th 258, 259 (5th Cir. 2022).

On October 28, 2022, the Fifth Circuit issued its Mandate affirming this Court's prior Ruling. (R. Doc. 90). Considering that Mandate (R. Doc. 90), the district judge referred the case on January 12, 2023, for a scheduling order (R. Doc. 91), and a Scheduling Conference Order issued the following day (R. Doc. 92). The January 13, 2023 Scheduling Conference Order

required the parties to hold a Rule 26(f) conference by March 2, 2023, and then file a joint Status Report with proposed deadlines for completing discovery, among other things. (R. Doc. 92). The Court finds it significant that on January 5, 2023 — just one week before the Scheduling Conference Order (R. Docs. 91, 92)—Defendants filed an Application to extend their January 25, 2023 deadline to file a Petition for Writ of Certiorari with the United States Supreme Court.[1] In other words, when Defendants received the Scheduling Conference Order (R. Doc. 92) the following week, they had already decided to petition the Supreme Court for review. Nonetheless, they waited another two months before taking any steps to continue the Court's prior stay and avoid beginning discovery in this nearly 5-years-old litigation. (Status Report, R. Doc. 93).

On March 9, 2023, the parties filed their Status Report. (R. Doc. 93). And while it included proposed deadlines, it also voiced Defendants' objections to conducting any discovery. Specifically, Defendants argued:

> A joint petition for writ of certiorari to the United States Supreme Court has been filed concerning [the denial of absolute immunity] . . . . It is defendants' position that, as a result, the Court's order staying discovery 'until the resolution of Defendants' Motions to Dismiss' (Doc. 62) is still in effect.

(R. Doc. 93 at 6). The Court held a Scheduling Conference on March 23, 2023, to discuss the issue (R. Doc. 94). After the Conference, it ordered the parties to brief whether its prior Order, "which stayed discovery 'until the resolution of Defendants' Motions to Dismiss' (R. Doc. 62 at 5), should remain in effect, given the recent mandate of the Fifth Circuit and the writ application filed before the United States Supreme Court." (R. Doc. 94 at 1).

In his brief, Perrilloux suggests that the factors courts normally consider "when determining whether a stay is appropriate" are not required here. (R. Doc. 96 at 3). Instead, when

---

[1] The Supreme Court's docket for *Foster v. Wearry*, No. 22-857 (cert. filed Feb. 24, 2023), is publicly available at: https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-857.html (last visited April 13, 2023).

a "stay is premised on an assertion of immunity," federal district courts throughout the United States "have granted stays of discovery pending the resolution of immunity issue, **without considering whether the movant has made a strong showing of success on the merits or the other traditional stay factors**." (R. Doc. 96 at 3). Perrilloux also insists that it will not take long for the Supreme Court to make a decision on Defendants' writ; therefore no evidence will be lost, and Plaintiff will not be unduly prejudiced by continuing the Court's stay. (R. Doc. 96). Defendant Foster additionally suggests:

> This is simply a standing order of this Honorable Court staying discovery 'until the resolution of Defendants' Motions to Dismiss.' That 'resolution' is still pending in the United States Supreme Court, and it is well within this Honorable Court's wide discretion for that continuing order to remain in effect until the U.S. Supreme Court comes to that resolution of those motions.

(R. Doc. 95 at 3-4). Foster emphasizes that the stay must be continued to "maintain the status quo" and, without any explanation, maintains that there is no great risk of any evidence being lost. (R. Doc. 95 at 3). But Defendants' conclusory arguments ignore reality and the procedural posture of this litigation.

### A. The Order Staying Discovery Has Expired

As it currently stands, Foster and Perrilloux's Motions to Dismiss (R. Docs. 49, 51) have been resolved. After both Motions were denied by this Court, Defendants then lost their interlocutory appeal to the Fifth Circuit. Because appeal to the Fifth Circuit was automatic, it was appropriate under the circumstances for the Court's September 27, 2019 stay of discovery to continue throughout Defendants' interlocutory appeal. Indeed, the cases relied on by Defendants, all of which are inapposite, support a district court's stay of litigation pending an interlocutory

appeal based on immunity. (R. Doc. 96 at 4) (citing to district court opinions staying litigation pending interlocutory appeal to appellate court).[2]

But "[r]ecourse to the Court of Appeals is a matter of right," whereas "writs of certiorari are granted at the discretion of the Supreme Court." *Heckler v. Edwards*, 465 U.S. 870, 876 (1984). So "[u]nlike appeals from a[] [district court's] order denying [] immunity, which are immediately appealable, petitions for writ of certiorari are far from automatically successful." *McMillan v. DeKalb County*, 2007 WL 9700671, at *1 (N.D. Ga. July 17, 2007). Defendants' appeal to the Fifth Circuit is now over. Simply filing a writ application before the Supreme Court does not guarantee review. *See Potts v. Flax*, 313 F.2d 284, 290 n.6 (5th Cir. 1963) ("Because appeal to this Court is a matter of statutory right . . . the decree is not final until the instant appeal has been determined. . . . As grant of certiorari is a discretionary review and not one which the Supreme Court must hear as a matter of right, application for certiorari will not suspend it.").

"[Petitions for Writ of Certiorari] are, in fact, rarely successful." *McMillan*, 2007 WL 9700671, at *1; *see also United States v. Mandycz*, 321 F. Supp. 2d 862, 865 (E.D. Mich. 2004) ("Petitions for certiorari are rarely granted.").

Therefore, upon the issuance of the Fifth Circuit's mandate in October of 2022, the Motions to Dismiss were resolved, and the Court's Order (R. Doc. 62) staying discovery no longer had any effect.[3] *See United States v. Eisner*, 323 F.2d 38, 42 (6th Cir. 1963) ("But the filing of a petition

---

[2] Indeed, Defendants are unable to point to any cases supporting the actual relief being sought—continuing an already 3.5-year-old stay of discovery pending the Supreme Court's review of a writ application.

[3] The Court must also point out that Defendants could have protected their claimed interests pending the Supreme Court's decision on their writ application by moving for a stay of the mandate. *See* Fed. R. App. P. 41(d); 28 U.S.C. § 2101(f). They failed to avail themselves of this potential remedy. *United States v. Eisner*, 323 F.2d 38, 42 (6th Cir. 1963) (Eisner could have sought a stay of the mandate and judgement following appellate review and pending his writ application before the Supreme Court. "Eisner did not avail himself of these remedies. His failure to do so permitted the valid execution and enforcement of the judgment in the District Court."); *Westfed Holdings, Inc. v. U.S.*, 68 Fed. Cl. 661, 662-63 (2005) (court refused to stay litigation pending defendant's decision whether to file writ application; mandate of court of appeals was "effective when issued" and defendant could have sought a stay of that mandate

for certiorari does not automatically stay proceedings in the District Court to which a mandate [has issued] . . ."); *McMillan v. DeKalb County*, 2007 WL 9700671, at *1 (N.D. Ga. July 17, 2007) (wholly rejecting the same argument advanced by Defendants and refusing to further stay proceedings pending application for writ before the Supreme Court based on immunity); *Sanchez v. Hartley*, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016) ("While a stay of discovery during the pendency of an interlocutory appeal is consistent with the goals underlying the doctrine of qualified immunity, the importance of balancing competing interests . . . leads me to the conclusion that Defendants' motion to continue the stay of discovery pending a decision on their petition for writ of certiorari should be denied."); *Wenk v. O'Reilly*, 2015 WL 4916934, at *2 (S.D. Ohio Aug. 18, 2015) (rejecting request to grant stay pending writ application based on qualified immunity).

### B.     Additional Stay is Not Warranted

Defendants correctly point out that this Court has the inherent authority to regulate its own docket and certainly has both jurisdiction and discretion to issue a new stay of discovery if it chooses. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). But even though the Court has the inherent power to issue a new stay, Defendants have failed to show that one would be warranted.

Foster suggests that the circumstances make it more likely that the Supreme Court will grant review. And both Defendants summarily argue, without any explanation or support, that Plaintiff will not suffer any undue prejudice and that there is no risk of evidence being lost by

---

under Appellate Rule 41(d) but failed to do so); *Hudson Marine Mgmt. Servs., Inc. v. Thomas Miller (Miami) Inc.*, 2011 WL 13311977, at *1 (S.D. Fla. Aug. 16, 2011) ("Instead, the party appealing the decision must affirmatively move for a stay, and the failure to move for such a stay permits the valid execution and enforcement of the [mandate] in the District Court.").

continuing to stay discovery. Perrilloux additionally urges the Court that discovery should remain stayed to prevent any harm to Defendants and, more importantly, "maintain the status quo"—an argument that is not well taken.[4]

Even if the Court blindly accepts Foster's position that the Supreme Court will likely grant certiorari and then reverse the Fifth Circuit, "the likelihood of irreparable harm to Defendant[s] [] if the Court were to deny the stay is outweighed by the harm to Plaintiff[] if the Court were to grant the stay." *Wenk v. O'Reilly*, 2015 WL 4916934, at *2 (S.D. Ohio Aug. 18, 2015). The minimal burden of engaging in discovery pending the Supreme Court's decision on their writ application, which both Defendants insist will only take about 6 weeks, "does not constitute the type of irreparable harm that stays are aimed at preventing." *Id.* at *3; *see also Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."); *Sanchez v. Hartley*, 2016 WL 7176718, at *8 (D. Colo. Apr. 26, 2016) ("The minimal burdens imposed on the Individual Defendants and their counsel in answering written discovery (interrogatories and requests for production of documents) are outweighed by the Plaintiff's and the public's interest in a just, speedy, and inexpensive determination of this action.").

On the other hand, Plaintiff has already suffered great prejudice from the delay caused by Defendants' multiple and, thus far, unsuccessful attempts to claim absolute immunity. Mr. Wearry has now waited 5 years to begin discovery in this litigation and have his day in court. That is an incredible amount of time. *See Wenk*, 2015 WL 4916934, at *3 (denying defendant's request for a stay of the trial pending disposition of her petition for writ of certiorari; the court noted that

---

[4] More specifically, Perrilloux argues that "continuing the stay will preserve the status quo among the parties and will prevent the parties from being required to expend substantial time and effort in pre-trial proceedings before that may turn out to be unnecessary." (R. Doc. 95 at 3-4). However, the status quo appears to be disproportionately in favor of Defendants, as Mr. Wearry has done nothing but wait for 5 years.

plaintiffs "[had] already suffered greatly from the delay in obtaining relief" given that the case was more than three years old, more than a year had passed since defendant's motion for summary judgment had been denied, and defendant's appeal to the Sixth Circuit had already postponed a final adjudication for over a year).

"Like the government official who rightfully invokes the defense of [absolute] immunity, a private citizen is entitled to claim the timely protection of the law" and it "seems reasonable to ask at what point does staying discovery in deference to the [absolute] immunity defense unfairly impinge upon a private citizen's ability to obtain timely vindication of their constitutional protections." *Sanchez v. Hartley*, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016).

Mr. Wearry has waited too long already. The fact that this litigation was filed five years ago and has not even proceeded to discovery cannot be stressed enough. Defendants have had ample opportunity to argue their position to both this Court and to the Fifth Circuit without success, and they do not point to any real or specific harm that would result should they have to engage in discovery while their petition remains pending before the Supreme Court. Instead, they essentially argue that an assertion of absolute immunity entitles them to a stay no matter the circumstances. This is not enough.

### C.   Conclusion

For the reasons given above, the Court finds that its prior Order (R. Doc. 62) staying discovery expired on October 28, 2022, when the Fifth Circuit issued its Mandate (R. Doc. 90). Moreover, Defendants have failed to persuade the Court that a new stay should issue pending the Supreme Court's decision of their Petition for Writ of Certiorari. Therefore, the parties are **ORDERED** to **immediately proceed with discovery**.

The Court will separately **issue** a **Scheduling Order** based on the deadlines already proposed by the parties in their Status Report (R. Doc. 93).

Finally, **should** the Supreme Court **grant** Defendants' Petition for Writ of Certiorari, **Defendants** will **immediately** file **notice** with the Court and **discovery** will **again** be **stayed** pending the outcome in the Supreme Court. But to be clear, a further stay will **only occur** if the Supreme Court grants certiorari. *See Glick v. Ballentine Produce, Inc.*, 397 F.2d 590, 594 (8th Cir. 1968) ("While it is true that the actual granting of a writ of certiorari does operate as a stay, the mere petition for certiorari does not have such an effect.").

Signed in Baton Rouge, Louisiana, on April 17, 2023.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**